1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   JUAN JOSE RAMIREZ,                )    1:09-cv-01385-LJO-JLT HC
                                       )
12              Petitioner,            )    FINDINGS AND RECOMMENDATION RE:
                                       )    RESPONDENT'S MOTION TO DISMISS
13      v.                             )    THE PETITION (Doc. 14)
                                       )
14                                     )    ORDER DIRECTING OBJECTIONS TO BE
     KEN CLARK, Warden,                )    FILED WITHIN TWENTY DAYS
15                                     )
                Respondent.            )
16   _____)

17

18                    **PROCEDURAL HISTORY**

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

21   August 3, 2009.[1]   On December 7, 2009, the Court ordered Respondent to file a response to the

22   _____

23          [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
     deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
24   clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
     mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
25   adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
     Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
26   AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on
     other grounds sub nom.* Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the
27   earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v.
     Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal
28   petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature
     appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for

                                      1

1  petition. (Doc. 7). On February 5, 2010, Respondent filed the instant motion to dismiss the petition

2  for violating the one-year statute of limitation contained in 28 U.S.C. § 2244(d). (Doc. 14). On

3  February 22, 2010, Petitioner filed his opposition to Respondent's motion to dismiss. (Doc. 15).

4                                     **DISCUSSION**

5           A.  Procedural Grounds for Motion to Dismiss

6           As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside

7  the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules

8  Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from

9  the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

10  district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

11          The Ninth Circuit has allowed Respondents to file a Motion to Dismiss in lieu of an Answer

12  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

13  state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

14  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

15  F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

16  state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

17  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court

18  should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

19          In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C.

20  2244(d)(1)'s one year limitation period. Because Respondent's Motion to Dismiss is similar in

21  procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state

22  procedural default and Respondent has not yet filed a formal Answer, the Court will review

23  Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

24          B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

25          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

26  1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas

27  _____

28  calculating the running of the statute of limitation. Petitioner signed the instant petition on August 3, 2009. (Doc. 1, p. 7).

1   corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

2   (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586

3   (1997).  The instant petition was filed on August 3,  2009, and thus, it is subject to the provisions of

4   the AEDPA.

5          The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

6   petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

7   reads:

8          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
       corpus by a person in custody pursuant to the judgment of a State court.  The
9          limitation period shall run from the latest of –

10          (A) the date on which the judgment became final by the conclusion of direct
       review or the expiration of the time for seeking such review;

11
12          (B) the date on which the impediment to filing an application created by
       State action in violation of the Constitution or laws of the United States is removed, if
13          the applicant was prevented from filing by such State action;

14          (C) the date on which the constitutional right asserted was initially recognized by
       the Supreme Court, if the right has been newly recognized by the Supreme Court and made
15          retroactively applicable to cases on collateral review; or

16          (D) the date on which the factual predicate of the claim or claims presented
       could have been discovered through the exercise of due diligence.

17          (2) The time during which a properly filed application for State post-conviction or
       other collateral review with respect to the pertinent judgment or claim is pending shall
18          not be counted toward any period of limitation under this subsection.

19   28 U.S.C. § 2244(d).

20          The AEDPA's one year statute of limitations, as embodied in § 2244(d)(1), applies to habeas

21   petitions, such as the instant petition, that challenge an administrative decision in the context of a

22   parole board determination.  Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v.

23   McGrath, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003).  Under subsection (d), the limitation period

24   begins to run on "the date on which the factual predicate of the claim or claims presented could have

25   been discovered through the exercise of due diligence."  In the context of a parole board decision, the

26   factual basis is the parole board's denial of a petitioner's administrative appeal.  Shelby, 391 F.3d at

27   1066; Redd, 343 F.3d at 1082-1083.  Thus, the statute of limitations begins to run the day following

28   a petitioner's notification of the parole board's decision.  Id.  Where the date Petitioner received

1   notice of the parole board's hearing is not part of the record,  Shelby rejected the notion that remand

2   for an evidentiary hearing was required to determine the date on which a petitioner found out about

3   the hearing, apparently establishing instead a presumption that an inmate will in fact receive notice

4   on the day the denial is issued, and that date will be used to calculate the statute of limitations unless

5   the petitioner rebuts that presumption:

6       "Here, as in Redd, Shelby does not dispute that he received timely notice of the denial of his
        administrative appeal on July 12, 2001, and he offers no evidence to the contrary.  Therefore,
7       the limitation period began running the next day."

8   Shelby, 391 F.3d at 1066.

9       In this case, Petitioner challenges the Board of Parole Hearings' ("BPH") denial of parole

10  suitability at a hearing held on December 5, 2006.  (Doc. 1, p.1 of Memorandum of Points and

11  Authorities).  Since Petitioner was present at that hearing and since the BPH's decision was

12  announced at that hearing, December 5, 2006 would be "the date on which the factual predicate of

13  the claim or claims presented could have been discovered through the exercise of due diligence,"

14  pursuant to 28 U.S.C. § 2244(d)(1)(D).  Therefore, the one-year period would have commenced the

15  following day, i.e., December 6, 2006, and would have expired, unless tolled by applicable statutory

16  or equitable tolling, on December 5, 2007.

17      As mentioned, the instant petition was filed on August 3, 2009, approximately 21 months

18  *after* the date the one-year period would have expired.  Thus, unless Petitioner is entitled to either

19  statutory or equitable tolling sufficient to make the instant petition timely, it is untimely and should

20  be dismissed.

21      C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

22      Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

23  application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

24  § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

25  governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

26  U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

27  petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

28  delay in the intervals between a lower court decision and the filing of a petition in a higher court.

1  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

2  by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

3  omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

4  536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

5  (9th Cir. 1999).

6        Nevertheless, there are circumstances and periods of time when no statutory tolling is

7  allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

8  appeal and the filing of an application for post-conviction or other collateral review in state court,

9  because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.

10  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of

11  a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a

12  federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120

13  (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16,

14  2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already

15  run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)

16  ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the

17  state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner

18  is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See

19  Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

20        Respondent has filed exhibits with the motion to dismiss establishing that Petitioner filed the

21  following state habeas petitions related to the December 5, 2006 BPH hearing: (1) filed in the

22  Superior Court for the County of Orange on March 20, 2007 and denied on May 7, 2007 (Exs. 1; 2);

23  (2) filed in the California Court of Appeal, Fourth Appellate District, Division Three ("4th DCA") on

24  May 31, 2007 and denied on June 28, 2007 (Exs. 3; D); and (3) filed in the California Supreme Court

25  on January 25, 2009 and denied on July 8, 2009.  (Exs. 5; 6).

26        Petitioner has filed exhibits indicating that he filed an additional state habeas petition in the

27  California Supreme Court on July 23, 2007 that was denied on January 16, 2008.  (Doc. 15, p. 2).

28  Petitioner also contends that he filed two federal habeas petitions in this Court, in case numbers

1:08-cv-01011-OWW-GSA and 1:09-cv-01082-LJO-DLB.  (Doc. 15, pp. 19;  62).  The former case

challenged the same December 5, 2006 BPH hearing that is the subject of this case.  In case number

1:08-cv-01011-OWW-GSA, the Court ultimately granted Respondent's motion to dismiss the federal

petition because the challenge to the 2006 BPH hearing was not exhausted in the California Supreme

Court.  (Doc. 15, p. 41).  The basis for the motion to dismiss was that the state petition filed by

Petitioner in the California Supreme Court on July 23, 2007 and denied on January 16, 2008, did not

frame the challenge to the BPH decision in such a way as to "fairly present" a federal issue to the

state high court for purposes of exhaustion.  (Doc. 15, p. 33).

      Relying on Respondent's own exhibits, Respondent argues that, following the

commencement of the one-year period on December 6, 2006, 104 days of the one-year period

expired before Petitioner filed his first state habeas petition in the Superior Court on March 20, 2007.

The Court agrees with this analysis.

      Thus, assuming, for purposes of this motion, that this first state petition was "properly filed"

within the meaning of the AEDPA, the filing of that first petition would have tolled the running of

the one-year limitation period during the pendency of that petition.  Following the denial of the first

petition on May 7, 2007, Petitioner filed a second petition in the California Court of Appeal on May

31, 2007.  Respondent does not contest that this second petition was also "properly filed."  Thus,

Petitioner would be entitled to statutory tolling throughout the pendency of the first and second

petitions, as well as during the interval between those two petitions.

      However, Respondent argues that Petitioner's delay until January 25, 2009 for filing what

Respondent characterizes as Petitioner's third petition in the California Supreme Court, was

unreasonable, thus depriving Petitioner of statutory tolling for the pendency of the third petition as

well as for the interval preceding it after the second petition was denied.  Respondent's analysis,

however, completely ignores the fact that Petitioner filed another state habeas petition in the

California Supreme Court  regarding his 2006 BPH hearing on July 23, 2007 that was denied on

January 16, 2008.  That petition, in the Court's view, would be Petitioner's "third" state petition, and

the petition filed on January 25, 2009, would be Petitioner's fourth state petition.

      While it is true that, for purposes of exhaustion, this Court has previously concluded that this

1    "third" petition did not "fairly present" to the state high court the federal issue that lies at the heart of

2    the instant petition, that does not preclude statutory tolling for the pendency of that petition or for the

3    interval preceding it.  For purposes of the AEDPA's statute of limitation, the issue is not whether

4    Petitioner "fairly presented" the federal issue in the petition filed on July 23, 2007, but whether said

5    petition was "properly filed" in the California Supreme Court for statutory tolling purposes.

6    Respondent does not acknowledge that Petitioner filed the petition of July 23, 2007 or address

7    whether it was properly filed for tolling purposes.  The Ninth Circuit has indicated that a "properly

8    filed" application is an application for state collateral relief that is "submitted in compliance with the

9    procedural laws of the state in which the application was filed."  Dictado v. Ducharme, 189 F.3d

10   889, 892 (9th Cir. 1999); Artuz, 531 U.S. at 8 (A properly filed application is one that complies with

11   the applicable laws and rules governing filings, including the form of the application and time

12   limitations.).  The record now before the Court does not suggest that this "third" petition was not

13   submitted in compliance with the California's procedural laws or with the State's rules governing

14   filings, nor, as indicated, does Respondent make such an argument.  Thus, the Court finds, for

15   purposes of this motion, that the third petition, filed on July 23, 2007 and denied on January 16,

16   2008, was "properly filed" under the AEDPA so as to trigger statutory tolling.

17           Unfortunately, however, for Petitioner, this does not mean that the instant petition was filed

18   timely.  After the third petition was denied on January 16, 2008, Petitioner waited another year and

19   nine days to file his fourth petition in the California Supreme Court on January 25, 2009.  As

20   discussed more fully below, such an unreasonable delay deprives Petitioner of his entitlement to

21   statutory tolling for the pendency of the fourth petition or for the interval preceding it.

22           In the past, when the Ninth Circuit reviewed habeas petitions originating from California, the

23   Court presumed that the petitions were timely, and deemed them as "pending," in instances when the

24   California courts had not explicitly dismissed them for lack of timeliness.  In Evans v. Chavis, 549

25   U.S.189 (2006), the Supreme Court rejected this approach, requiring instead that the lower federal

26   courts determine whether a state habeas petition was filed within a reasonable period of time.  549

27   U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to

28   timeliness), the federal court must decide whether the filing of the request for state court appellate

1  review (in state collateral review proceedings) was made within what California would consider a

2  'reasonable time.'").  However, "'[w]hen a post-conviction petition is untimely under state law, that

3  [is] the end of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th

4  Cir. 2005)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)).  See also Carey v. Saffold, 536

5  U.S. at 226.

6       Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans,

7  this Court must first determine whether the state court denied Petitioner's habeas applications as

8  untimely.  If so, that is the end of the matter for purposes of statutory tolling because the petition was

9  not properly filed and Petitioner would not be entitled to any period of tolling under § 2242(d)(2),

10  either for the pendency of the petition itself or for the interval between that petition and the denial of

11  the previous petition.  Bonner, 425 F.3d at 1148-1149.  However, if the state court did not expressly

12  deny the habeas petitions as untimely, this Court is charged with the duty of independently

13  determining whether Petitioner's request for state court collateral review were filed within what

14  California would consider a "reasonable time."  Evans, 546 U.S. at 198.  If so, then the state petition

15  was properly filed and Petitioner is entitled to interval tolling.[2]

16       In Evans, the Supreme Court found that a six-month delay was unreasonable.  Id.  The

17  Supreme Court, recognizing that California did not have strict time deadlines for the filing of a

18  habeas petition at the next appellate level, nevertheless indicated that most states provide for a

19  shorter period of 30 to 60 days within which to timely file a petition at the next appellate level.

20  Evans, 546 U.S. at 201.  After Evans, however, it was left to the federal district courts in California

21  to carry out the Supreme Court's mandate of determining, in appropriate cases, whether the

22  petitioners' delays in filing state petitions were reasonable.  Understandably, given the uncertain

23  scope of California's "reasonable time" standard, the cases have not been entirely consistent.

24  However, a consensus appears to be emerging in California that any delay of sixty days or less is per

25  se reasonable, but that any delay "substantially" longer than sixty days is not reasonable.  Compare

26  Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97

27

28       [2]Neither the Ninth Circuit nor the United States Supreme Court has addressed whether a delay in filing may deprive a petitioner of statutory tolling for the pendency of an otherwise properly filed state petition itself when the state court does not expressly indicate that the petition was untimely. Presently, Evans only affects entitlement to interval tolling.

8

and 71 days unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007)(88 day

delay unreasonable); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008)(70 day delay unreasonable);

Swain v. Small, 2009 WL 111573 (C.D.Cal. Jan. 12, 2009)(89 day delay unreasonable); Livermore

v. Watson, 556 F.Supp. 2d 1112, 1117 (E.D.Cal. 2008)(78 day delay unreasonable; Bridges v.

Runnels, 2007 WL 2695177 *2 (E.D.Cal. Sept. 11, 2007)(76 day delay unreasonable), with Reddick

v. Felker, 2008 WL 4754812 *3 (E.D.Cal. Oct. 29, 2008)(64 day delay not "substantially" greater

than sixty days); Payne v. Davis, 2008 WL 941969 *4 (N.D.Cal. Mar. 31, 2008 (63-day delay "well

within the 'reasonable' delay of thirty to sixty days in Evans").  Moreover, even when the delay

"significantly" exceeds sixty days, some courts have found the delay reasonable when the subsequent

petition is substantially rewritten.  E.g.,  Osumi v. Giurbino, 445 F.Supp 2d 1152, 1158-1159

(C.D.Cal. 2006)(three month delay not unreasonable given lengthy appellate briefs and petitioner's

substantial re-writing of habeas petition following denial by superior court); Stowers v. Evans, 2006

WL 829140 (E.D.Cal. 2006)(87-day delay not unreasonable because second petition was

substantially re-written); Warburton v. Walker, 548 F.Supp.2d 835, 840 (C.D. Cal. 2008)(69-day

delay reasonable because petitioner amended petition before filing in Court of Appeal).

Here, the California Supreme Court, in denying the fourth petition, did not expressly find the

petition untimely.  Thus, this Court must conduct its own review of the timeliness of that petition.

The delay between the denial of the third petition in the California Supreme Court on January 16,

2008 and the filing of the fourth petition in the California Supreme Court on January 25, 2009, was a

period of 374 days, or over one calendar year, a period well outside the range of what federal district

courts, the Ninth Circuit, and the United States Supreme Court have considered reasonable for

California inmates.  Evans, 546 U.S. at 198.  Thus, in the Court's view, the delay in filing the fourth

petition was unreasonable.  Accordingly, Petitioner is not entitled to statutory tolling for the

pendency of the fourth petition or for the interval preceding it.

Petitioner had already consumed 104 days of the one-year period prior to filing his first state

petition, leaving only 261 days remaining.  The one-year period therefore re-commenced the day

following the denial of the third petition by the California Supreme Court, i.e., January 17, 2008, and

expired 261 days later, on October 4, 2008.  As mentioned, Petitioner did not file the instant petition

1   until August 3, 2009, almost ten months *after* the one-year period had expired.  Thus, statutory

2   tolling does not make the instant petition timely and, therefore, unless Petitioner is entitled to

3   equitable tolling, the petition is untimely and should be dismissed.[3]

4       D.  Equitable Tolling

5       The limitation period is subject to equitable tolling when "extraordinary circumstances

6   beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland,

7   410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When

8   external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

9   claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d

10  1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of

11  establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

12  extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct.

13  1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

14  the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

15  omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at

16  1107.

17      Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on

18  the record now before the Court, the Court sees no basis for such a claim.  Accordingly, Petitioner is

19  not entitled to equitable tolling.  Thus, the petition is untimely and should be dismissed.

20                              **RECOMMENDATION**

21      Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss

22  (Doc. 14), be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to

23  comply with 28 U.S.C. § 2244(d)'s one year limitation period.

24  _____

25      [3]In his opposition to the motion to dismiss, Petitioner sets out a chronology of filings he undertook in an effort to persuade this Court that he has been diligent in his efforts to comply with applicable federal habeas law.  However,

26  Petitioner's chronology does not dispute the more than one-year delay between the denial of the third petition and the filing of the fourth petition.  Rather, Petitioner indicates that, during that period of time, he filed the aforementioned federal habeas

27  petition, which was dismissed because the Court concluded that the third petition failed to exhaust Petitioner's challenge to the December 5, 2006 parole hearing.  As discussed previously, the limitation period is not tolled during the time that a

28  federal habeas petition is pending.  Duncan, 563 U.S. at 181-182. Thus, Petitioner is not entitled to any statutory tolling under the AEDPA for the pendency of that prior federal petition.

1    This Findings and Recommendation is submitted to the United States District Court Judge

2  assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of

3  the Local Rules of Practice for the United States District Court, Eastern District of California.

4  Within twenty (20) days after being served with a copy, any party may file written objections with

5  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

6  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

7  filed within ten (10) court days (plus three days if served by mail) after service of the objections.

8  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

9  parties are advised that failure to file objections within the specified time may waive the right to

10  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12  IT IS SO ORDERED.

13  Dated:   **March 26, 2010**                          **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE

11